**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID THOMAS RHODES, | No. 18-15957 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01971-DGC |
| v. | |
| RICARDO E. CHAVEZ, individually and in his official capacity as Warden of FCI Phoenix, | MEMORANDUM* |
| Respondent-Appellee, | |
| J. HOFFMAN, individually and in his official capacity as Inmate Systems Manager, FCI Englewood; et al., | |
| Defendants-Appellees, | |
| and | |
| ROBERT E MCFADDEN, individually and in his official capacity as Federal Bureau of Prisons Western Regional Director, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 17, 2019[**]

Before:      McKEOWN, BYBEE, and OWENS, Circuit Judges.

Former federal prisoner David Thomas Rhodes appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging claims stemming from the calculation of his release date. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (dismissal for lack of personal jurisdiction). We affirm.

The district court properly dismissed nonresident defendants Watts and Johnson for lack of personal jurisdiction because Rhodes failed to allege facts sufficient to establish that Watts or Johnson have continuous and systematic contacts with Arizona to establish general jurisdiction or sufficient minimum contacts with Arizona to provide the court with specific personal jurisdiction over either defendant. *See Boschetto*, 539 F.3d at 1015-16 (specific jurisdiction); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (general jurisdiction).

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Rhodes's claims against defendant Chavez because Rhodes failed to raise a genuine dispute of material fact as to whether Chavez personally participated in the alleged miscalculation, or whether there was a sufficient causal connection between Chavez's conduct and Rhodes's injury. *See Starr v. Baca*, 652 F.3d 1202, 1206-08 (9th Cir. 2011) (explaining that "a *Bivens* action is the federal analog to an action against state or local officials under [42 U.S.C.] § 1983" and discussing the requirements for establishing supervisory liability).

**AFFIRMED.**